IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 1:24-cv-00301-NYW-SBP

JANET PAK and JOSEPH KIM,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, NA,

    Defendant.

## ORDER CONFIRMING ARBITRATION AWARD

    This matter comes before the Court on Defendant JP Morgan Chase Bank, NA's ("Defendant" or "Chase" ) Motion to Confirm Arbitration Award ("Motion"). [Doc. 17, filed August 5, 2025]. Chase asks the Court to enter judgment confirming an arbitration award issued on May 30, 2025, in JAMS Arbitration Case Number 36203, captioned *Janet Pak and Joseph Kim v. JP Morgan Case Bank, NA* ("the Award") [*Id.* at 1]; *see* [Doc. 17-2]. Chase makes this request pursuant to § 9 of the Federal Arbitration Act ("FAA" or the "Act"), 9 U.S.C. § 9. [Doc. 17 at 1].

    Plaintiffs are represented by counsel who previously entered appearance in this case. [Doc. 10]. Plaintiffs have not filed a response to this Motion or a separate motion to vacate, modify, or correct the Award. However, the Motion indicates that when Chase conferred with Plaintiffs' counsel regarding their position on the Motion, Plaintiffs stated that they oppose this motion but did not provide their grounds for doing so. [Doc. 17 at 9].

**LEGAL STANDARD**

Section 9 of the FAA provides that:

[i]f the parties in their agreement [to arbitrate] have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

Notice of the petition must be served on the adverse party, "and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding[,]" and the petition must be brought in an appropriate court. *Id.*; *see Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("The Act . . . supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it. An application for any of these orders will get streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." (citation omitted)). Moreover, the Court "does not sit to hear claims of factual or legal error by an arbitrator as if it were an appellate court reviewing a lower court's decision." *Morrill v. G.A. Mktg., Inc.*, No. 04-cv-01744-MSK-BNB, 2006 WL 2038419, at *1 (D. Colo. July 18, 2006) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37–38 (1987)). Accordingly, arbitral awards "must be confirmed" even in the face of errors in factual findings, or interpretation and application of the law. *Denv. & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1997).

## ANALYSIS

The Court finds that the allegations in the Motion are supported by the exhibits, as well as the record, and have not been challenged by the Plaintiffs: (1) Ms. Pak, Mr. Kim, and Chase agreed to arbitration, [Doc. 11 at ¶ 1]; *see also* [Doc. 17-2 at 2]; (2) Chase filed the Motion within one year of the Award, *compare* [Doc. 17, filed August 5, 2025], *with* [Doc. 17-2, dated May 30, 2025]; (3) notice of the Motion was served on Ms. Pak and Mr. Kim, [Doc. 17 at 11]; and (4) the Motion is brought in an appropriate court, *see* [Doc. 12 (ordering that this case is administratively closed pending arbitration but "may be reopened upon a motion of any Party for good cause shown")]; *see also* [Doc. 17-1 at 27 ("The arbitration ruling will be considered final and binding, and enforceable by any court having jurisdiction.")]. Thus, Chase has established all of the required elements under § 9 of the FAA. *See* 9 U.S.C. § 9.

Further, Plaintiffs have failed to assert any reason under §§ 10 or 11 of the FAA to vacate, modify, or correct the Award, and the Court finds no grounds to do so. *See* 9 U.S.C. §§ 10, 11 (requiring an "application of any party to the arbitration" to grant relief under those sections of the Act).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) The Motion to Confirm Arbitration Award [Doc. 17] is **GRANTED**;

(2) The arbitration award issued on May 30, 2025, in JAMS Case No. 36203, captioned *Janet Pak and Joseph Kim v. JP Morgan Chase Bank, NA* [Doc. 17-2], whereby the Arbitrator granted Chase's Motion for Summary Disposition Pursuant to JAMS Rule 18, is **CONFIRMED in its entirety**; and

(3)   This case is **DISMISSED with prejudice**, with each Party bearing its own attorneys' fees and costs.

DATED:  December 4, 2025                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge